**WO**                                                                                           LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cesar Barrera-Montes, | ) | No. CV 05-3768-PHX-SMM (GEE) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants. | ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the Lower Buckeye Jail in Phoenix, Arizona, though his action concerns conditions while he was incarcerated at the Durango Jail. The Court will require Defendants Arpaio and Peterson to answer Counts I and III of the Complaint. Count II will be dismissed without prejudice.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

1  $250.00 for this action.  No initial partial filing fee will be assessed by this Order.  28 U.S.C.
2  § 1915(b)(1).  Plaintiff will be obligated for monthly payments of 20 percent of the preceding
3  month's income credited to Plaintiff's trust account.  The Court will direct the appropriate
4  agency to collect these monthly payments, which will be forwarded to the Clerk of Court
5  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
6  28 U.S.C. § 1915(b)(2).

7  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
8  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
9  release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
10 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
11 he is unable to pay the remainder of the filing fee.

12 **B.     Statutory Screening of Prisoner Complaints**

13 The Court is required to screen complaints brought by prisoners seeking relief against
14 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
15 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
16 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
17 may be granted, or that seek monetary relief from a defendant who is immune from such
18 relief.  28 U.S.C. § 1915A(b)(1), (2).

19 **C.     Complaint**

20 *1. Count I and III*

21 In Counts I and III of his Complaint Plaintiff alleges that he has suffered various
22 health problems as a result of the overcrowded and unsanitary conditions at the Durango Jail.
23 Plaintiff sues Maricopa County Sheriff Joseph Arpaio as a policymaker and Durango Jail
24 Commander Captain Peterson for carrying out the policy.  At this early juncture, these
25 allegations adequately state a claim, and the Court will require Arpaio and Peterson to answer
26 the Complaint.

27
28

*2. Unknown Detention Officers*

Plaintiff also sues "Unknown Detention Officers 1-100" for following the policies set forth by the sheriff and jail commander. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights. If Plaintiff discovers the true identity of these fictitious parties through the discovery process, or otherwise, he may seek leave of the Court to amend his complaint to name the individuals in place of Unknown Detention Officers.

*3. Count II*

In Count II, Plaintiff alleges that because he is from Los Angeles, other inmates attacked him. He asserts that he was transferred to other pods, but the same thing would happen again when inmates found out about his background. He was put into protective custody, but he was placed with three other inmates who attacked him. Plaintiff has not alleged that any certain officer failed to respond to his requests for protection or that any officer purposely placed him in harm's way.

To state a valid constitutional claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of the defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). This claim is in no way alleged to be connected to Defendants Arpaio and Peterson, and it is not a reasonable inference from the allegations in the Complaint that in the

1 Defendants' roles as policymakers, they have a policy of placing vulnerable inmates in
2 harm's way.  Plaintiff has also failed to connect this claim to any of the one hundred
3 unidentified detention officers as there are no allegations to show that they caused Plaintiff
4 injury by purposely placing hin in harm's way or ignoring his requests for help.
5 Consequently, the Court will dismiss this claim without prejudice.

6     *4.  Hart v. Hill*

7 In Counts I and III of his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-
8 PHX-EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violated an
9 Amended Judgment in that action.  Jurisdiction to enforce the judgment is retained by the
10 court which entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil
11 rights action is not the proper means by which to enforce the decree.  Cagle v. Sutherland,
12 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996);
13 DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116,
14 1122-23 (5th Cir. 1986).  To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not
15 properly brought in this action.  Defendants will not be required to answer this portion of the
16 Complaint.

17 **D.     Rule 41 Cautionary Notice**

18 Plaintiff should take notice that if he fails to timely comply with every provision of
19 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
20 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
21 61 (9th Cir.) (stating that a district court may dismiss action for failure to comply with any
22 order of the Court), cert. denied, 506 U.S. 915 (1992).

23 **IT IS THEREFORE ORDERED THAT:**

24 (1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted.  Plaintiff is
25 obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed no
26 initial partial filing fee.

27 (2) The Maricopa County Sheriff or his designee shall collect the filing fee from
28 Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of

**TERMPSREF**  - 4 -

1 the preceding month's income credited to Plaintiff's trust account and forwarding the 2 payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in 3 accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the 4 name and number assigned to this action.

5 (3) Count II is dismissed without prejudice. The Clerk of Court shall send Plaintiff 6 a service packet including the Complaint, this Order, and both summons and request for 7 waiver forms for Defendants Arpaio and Peterson.

8 (4) Plaintiff shall complete and return the service packet to the Clerk of Court within 9 20 days of the date of filing of this Order. The United States Marshal will not provide 10 service of process if Plaintiff fails to comply with this Order.

11 (5) If Plaintiff does not either obtain a waiver of service of the summons or complete 12 service of the Summons and Complaint on each Defendant within 120 days of the filing of 13 the complaint or within 60 days of the filing of this Order, whichever is later, the action may 14 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of 15 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

16 (6) The United States Marshal shall retain the Summons, a copy of the Complaint, 17 and a copy of this Order for future use.

18 (7) The United States Marshal shall notify Defendants of the commencement of this 19 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal 20 Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The 21 Marshal shall file waivers of service of the summons or requests for waivers that were 22 returned as undeliverable as soon as they are received. If a waiver of service of summons 23 is not returned by a Defendant within thirty days from the date the request for waiver was 24 sent by the Marshal, the Marshal shall:

25 (a) Personally serve copies of the Summons, Complaint, and this Order upon the 26 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

27 (b) Within 10 days after personal service is effected, file the return of service for 28 the Defendant, along with evidence of the attempt to secure a waiver of service of the

summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any

1  motions for any other relief. Failure to file a Notice of Change of Address may result in the
2  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
3  of Civil Procedure.

4  (13) A clear, legible copy of every pleading or other document filed shall accompany
5  each original pleading or other document filed with the Clerk for use by the District Judge
6  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
7  may result in the pleading or document being stricken without further notice to Plaintiff.

8  (14) This matter is referred to Magistrate Judge Glenda E. Edmonds pursuant to Local
9  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

10  DATED this 10th day of April, 2006.

_____
Stephen M. McNamee
Chief United States District Judge

TERMPSREF

- 7 -